**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>WALKER COUNTY HOSPITAL CORPORATION, d/b/a HUNTSVILLE MEMORIAL HOSPITAL,<br><br>Debtor and Debtor in Possession.[1] | Chapter 11<br><br>Case No. 19-36300 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WALKER COUNTY HOSPITAL CORPORATION and WALKER COUNTY HOSPITAL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SHANNON L. BROWN,<br><br>Defendant. | Adv. Pro. No. ___________________ |

**ADVERSARY COMPLAINT**

The Official Committee of Unsecured Creditors of Walker County Hospital Corporation (the "***Committee***") and Walker County Hospital Corporation, as debtor and debtor in possession (the "***Debtor***" and together with the Committee, the "***Plaintiffs***") in the above-captioned bankruptcy case (the "***Bankruptcy Case***") and plaintiffs in the above-captioned adversary proceeding (the "***Adversary Proceeding***"), by and through their respective undersigned counsel, hereby allege as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are: 0960. The Debtor's current service address is: Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital, c/o Healthcare Management Partners, LLC, 1033 Demonbreun Street, Suite 300, Nashville, TN 37203.

## NATURE OF THE CASE

1. This adversary proceeding seeks damages from the Debtor's former CEO in connection with his role in, *inter alia*, causing the Debtor to enter into various lab agreements with the intention of inflating the Debtor's financial numbers for the Defendant's personal benefit and effectively selling the Debtor's provider number to third party laboratory service companies.

## PARTIES

2. The Debtor is the debtor and debtor in possession in the above-captioned case.

3. The Committee is an official committee appointed by the United States Trustee for Region 7 pursuant to 11 U.S.C. § 1102. *See* Bankruptcy Docket No. 109.

4. Defendant, Shannon L. Brown ("***Defendant***"), is the former Chief Executive Officer of the Debtor and resides in the State of Texas.

## JURISDICTION AND VENUE

5. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

6. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.

7. This is a core proceeding, under 28 U.S.C. § 157(b)(2).

8. Venue is proper in this district, pursuant to 28 U.S.C. § 1409(a), because this adversary proceeding is related to the above-captioned bankruptcy case pending in this Court.

9. The Plaintiffs confirm their consent, pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "***Local Rules***"), to the entry of a final judgment or other final orders by the Court in

connection with this adversary proceeding, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

10. Defendant served as the Debtor's Chief Executive Officer ("***CEO***") from early 2013 to February 28, 2018.

11. As the Debtor's CEO, Defendant owed strict fiduciary obligations to the Debtor.

12. In particular, Defendant owed the Debtor the duties of obedience, loyalty, and due care in light of his role as CEO.

13. Between 2016 and 2017, without approval of the Debtor's board of directors (the "***Board***"), Defendant caused the Debtor to enter into a number of agreements permitting laboratory operators to utilize the Debtor's provider number to bill for laboratory services.

14. Pursuant to the agreements orchestrated by Defendant, unrelated third-party laboratory operators provided laboratory services that were then billed by the Debtor under the Debtor's provider number.

15. The Debtor would then submit bills for the laboratory services to private insurance companies and individuals for payment for the provision of the laboratory services that the Debtor itself did not render.

16. At no time did Defendant engage the Debtor's regular counsel for healthcare regulatory advice on the ability to enter into these lab agreements.

17. Indeed, Defendant appears to have engaged his own counsel with no healthcare experience to provide advice to Defendant regarding the agreements in question.

18. At no point was the Board informed of Defendant's actions.

19. In fact, the Board only became aware of the agreements as a result of outside review of the Debtor's operations due to its financial difficulties.

20. Around the same time the Debtor's Board learned of the laboratory agreements, certain third party payors also became aware of the laboratory agreements.

21. Certain third party payors froze all reimbursement to the Debtor while investigating what they believed to be improper or fraudulent billing practices.

22. The lost reimbursement during the investigations caused substantial harm to the Debtor.

23. The results of the investigations required the Debtor to reimburse substantial sums to each of the third party payors.

24. On November 11, 2019 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

25. The Debtor continues in possession of the bankruptcy estate as a debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

26. Additional information regarding the Debtor and its Bankruptcy Case, including the Debtor's business, financial condition, corporate structure, and the reasons for commencing the Bankruptcy Case are set forth in the *Declaration of Steven L. Smith in Support of First Day Motions* [Bankr. Docket No. 15].

**COUNT ONE**
**(BREACH OF THE DUTY OF OBEDIENCE)**

27. Plaintiffs incorporate paragraphs 1 through this paragraph as if fully set forth at length in this paragraph.

28. Defendant owed to the Debtor a fiduciary duty of obedience.

29. Defendant breached the duty of obedience by acting beyond Defendant's scope of authority, by effectively selling the Debtor's provider number to third party laboratory service companies.

30. At no time was such power sought or conveyed by the Debtor's Board.

31. Defendant did not have authority to sell substantial assets of the Debtor without approval by the Debtor's Board.

32. Defendant therefore breached his duty of obedience, causing substantial harm to the Debtor.

**COUNT TWO**
**(BREACH OF DUTY OF LOYALTY)**

33. Plaintiffs incorporate paragraphs 1 through this paragraph as if fully set forth at length in this paragraph.

34. Defendant entered into the various lab agreements with the intention of inflating the Debtor's financial numbers for Defendant's personal benefit as the chief executive officer of the Debtor.

35. Defendant permitted his personal interests to prevail over the best interest of the Debtor.

36. Defendant did not act in good faith in entering the lab agreements.

37. Defendant therefore breached his duty of loyalty, causing substantial harm to the Debtor.

**COUNT THREE**
**(BREACH OF DUTY OF DUE CARE)**

38. Plaintiffs incorporate paragraphs 1 through this paragraph as if fully set forth at length in this paragraph.

39. The Debtor maintained qualified and competent healthcare regulatory counsel at all times relevant to this Complaint.

40. Notwithstanding the foregoing, Defendant negligently or intentionally did not engage said counsel to review or provide advice on the laboratory agreements.

41. By failing to seek appropriate advice and counsel prior to entering into the laboratory agreements, Defendant breached the duty of due care to the Debtor, causing the Debtor substantial harm.

**COUNT IV**
**(NEGLIGENCE)**

42. Plaintiffs incorporate paragraphs 1 through this paragraph as if fully set forth at length in this paragraph.

43. Additionally and/or alternatively, the conduct of Defendant described above constitutes negligence.

44. Defendant's negligent conduct was the direct and proximate cause of substantial harm to the Debtor, arising from the laboratory agreements.

45. Therefore, Defendant is liable to the Debtor for the damages arising from Defendant's negligent conduct in entering into the laboratory agreements.

**WHEREFORE**, Plaintiffs demand judgment in Plaintiffs' favor and against Defendant:

A. on Count I, awarding a money judgment in an amount not less than **$1,445,128.73** plus pre- and post-judgment interest at the maximum rate permitted by law;

B. on Count II, awarding a money judgment in an amount not less than **$1,445,128.73** plus pre- and post-judgment interest at the maximum rate permitted by law;

C. on Count III, awarding a money judgment in an amount not less than **$1,445,128.73** plus pre- and post-judgment interest at the maximum rate permitted by law;

D. on Count IV, awarding a money judgment in an amount not less than **$1,445,128.73** plus pre- and post-judgment interest at the maximum rate permitted by law; and

E. granting such other and further relief as this Court deems just and proper.

DATED: March 25, 2022
Nashville, Tennessee

Respectfully submitted,

**WALLER LANSDEN DORTCH & DAVIS, LLP**

*/s/ Blake D. Roth*
Blake D. Roth (Federal ID No. 2666808)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Ryan.Cochran@wallerlaw.com
Blake.Roth@wallerlaw.com
Tyler.Layne@wallerlaw.com
Courtney.Stone@wallerlaw.com

-and-

Evan J. Atkinson (Texas Bar No. 24091844)
100 Congress Avenue, Suite 1800
Austin, TX 78701
Telephone: (512) 685-6400
Facsimile: (512) 685-6417
Email: Evan.Atkinson@wallerlaw.com

*Counsel for the Debtor and Debtor in Possession*

**ARENTFOX SCHIFF LLP**

*/s/ Andrew I. Silfen*
Andrew I. Silfen
George P. Angelich
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: andrew.silfen@afslaw.com
george.angelich@afslaw.com

-and-

Jackson D. Toof
1717 K Street NW
Washington, DC 20006
Telephone: (202) 857-6000
(202) 857-6395
Email: jackson.toof@afslaw.com

-and-

**GRAY REED & MCGRAW LLP**

*/s/ William B. Chaney*
William B. Chaney (Texas Bar No. 04108500)
Jason S. Brookner (Texas Bar No. 24033684)
1601 Elm Street
Suite 4600
Dallas, Texas 75201
Telephone: (469) 320-6031
Facsimile: (469) 320-6836
Email: wchaney@grayreed.com

*Counsel for the Official Committee of Unsecured Creditors*