**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>WALKER COUNTY HOSPITAL CORPORATION, d/b/a HUNTSVILLE MEMORIAL HOSPITAL,<br><br>Debtor and Debtor in Possession.[1] | Chapter 11<br><br>Case No. 19-36300 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WALKER COUNTY HOSPITAL CORPORATION and WALKER COUNTY HOSPITAL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SHANNON L. BROWN,<br><br>Defendant.<br><br>SHANNON L. BROWN,<br><br>Cross-Claimant,<br><br>v.<br><br>ALLIED WORLD SPECIALTY INSURANCE COMPANY,<br><br>Cross-Defendant. | Adv. Pro. No. 22-03099 |

**SHANNON L. BROWN'S CROSS-CLAIM FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT ON DUTY TO DEFEND AGAINST CROSS-DEFENDANT ALLIED WORLD SPECIALTY INSURANCE COMPANY**

Shannon L. Brown ("Brown" or "Cross-Claimant"), by and through his respective undersigned counsel, files his cross-claim against Allied World Specialty Insurance Company ("hereinafter, "Allied World" or "Cross-Defendant") on the following grounds:

[1] The last four digits of the Debtor's federal tax identification number are: 0960. The Debtor's current service address is: Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital, c/o Healthcare Management Partners, LLC, 1033 Demonbreun Street, Suite 300, Nashville, TN 37203.

## NATURE OF THE CASE

1. This two-count cross-claim seeks a declaration that Allied World has a duty to defend Cross-Claimant under the terms of Allied World's director's & officer's insurance policy in connection with the Adversary Proceeding that Walker County Hospital Corporation d/b/a Hunstville Memorial Hospital (hereinafter, the "Hospital") and The Official Committee of Unsecured Creditors of Walker County Hospital Corporation (the "Committee") filed against Cross-Claimant on March 25, 2022, and sues for breach of contract.

## PARTIES

1. The Hospital is the debtor-in-possession in the above-captioned case, pursuant to sections 1107 and 1108 of the Bankruptcy Code. Additional information regarding the Hospital and its Bankruptcy Case, including the Hospital's business, financial condition, corporate structure, and the reasons for commencing the Bankruptcy Case are set forth in the *Declaration of Steven L. Smith in Support of First Day Motions* [Bankr. Docket No. 15].

2. The Committee is an official committee appointed by the United States Trustee for Region 7 pursuant to 11 U.S.C. § 1102. *See* Bankruptcy Docket No. 109.

3. Cross-Claimant, Shannon L. Brown, is the former Chief Executive Officer of the Hospital and resides in the State of Texas.

4. Cross-Defendant, Allied World, is a corporation organized under the laws of Delaware with its principal place of business located in New York. Upon information and belief, Allied World is authorized to do business in the State of Texas and the registered attorney for service is Corporation Service Company located at 211 E. 7th St., Ste. 260 Austin, TX 78701.

## JURISDICTION AND VENUE

5. This cross-claim is commenced pursuant to Rules 7012, 7013, 7014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Federal Rule of Civil Procedure 14.

6. This Court has jurisdiction over this cross-claim, pursuant to 28 U.S.C. §§ 157, 1334, and 2201, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.

7. This is a core proceeding under 28 U.S.C. § 157(b)(2).

8. Venue is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409(a), because this cross-claim is related to the above-captioned bankruptcy case pending in this Court.

9. Cross-Claimant confirms his consent, pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "***Local Rules***"), to the entry of a final judgment or other final orders by the Court in connection with this cross-claim, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

10. Allied World issued a Forcefield Healthcare Organizations Management Liability Package Policy providing Directors and Officers Liability Coverage under Policy Number 0307-6420, for the policy period from July 1, 2017 through July 1, 2021 (the "Policy"). A true and correct copy of Allied World's policy is attached hereto as Exhibit A and the policy's terms are incorporated herein for reference.

11. On November 30, 2020, the Hospital sent Cross-Claimant a demand for payment of damages for alleged breaches of duty by Cross-Claimant while he served as the Hospital's CEO.

12. Cross-Claimant tendered the November 30, 2020 demand letter to Allied World, which acknowledged receipt.

13. The Hospital sent an additional demand letter to Cross-Claimant on March 24, 2021, which was also timely tendered to Allied World.

14. On June 3, 2021, Allied World sent a reservations of rights letter to Cross-Claimant agreeing to defend him against the claims alleged in the November 30, 2020 and March 24, 2021 demand letters (collectively the "Demand Letters").

15. Notwithstanding Allied World's June 2021 confirmation of its defense obligations to Cross-Claimant, Allied World proceeded to deny coverage for the Hospital's claims on November 19, 2021, advising Cross-Claimant that the Insured versus Insured Exclusion under Section III.H of the Policy precluded coverage.

16. Cross-Claimant disputes Allied World's alleged justifications for denying its obligations to defend and indemnify Cross-Claimant in connection with the Demand Letters.

17. On March 25, 2022, the Hospital and the Committee filed an adversary proceeding containing similar (if not identical) allegations set forth in the Demand Letters, including, among other things, that Cross-Claimant breached his duties to the Hospital while acting as its CEO (the "Adversary Proceeding").

18. Cross-Claimant tendered the Adversary Proceeding to Allied World for defense and indemnity under the Policy on April 25, 2022.

19. Allied World acknowledged receipt of the tender on April 27, 2022, but has not yet advised on whether it will defend Cross-Claimant in connection with the Adversary Proceeding.

20. Nonetheless, since Allied World has already denied insurance coverage for the nearly identical claims asserted against Cross-Claimant in the Demand Letters, an actual controversy exists between Cross-Claimant and Allied World with respect to Allied World's wrongful denial of coverage and duty to defend Cross-Claimant in the Adversary Proceeding.

## CAUSES OF ACTION AND DAMAGES

**Count I: Breach of Contract for Wrongful Denial of Coverage**

21. Insurance policies are contracts between the insurer and the insured. The Policy at issue is a valid and enforceable insurance contract for which all premiums have been paid.

22. Cross-Claimant performed all of his obligations under the Policy, and any and all conditions precedent to his rights under the Policy have been satisfied or waived.

23. Under the terms of the Policy, Allied World contracted to provide Cross-Claimant, as a former officer or director of the Hospital, with a defense against any suit alleging a wrongful act, including misstatements, misleading statements, acts, omissions, or neglect. The Demand Letters alleged covered wrongful acts against Cross-Claimant and, as such, triggered Allied World's defense obligations.

24. Nonetheless, after initially agreeing to provide Cross-Claimant with a defense to the Demand Letters, Allied World wrongfully denied coverage under the Policy.

25. By virtue of its wrongful failure and refusal to provide Cross-Claimant with a defense to the claims alleged in the Demand Letters, Allied World has breached its Policy.

26. As a result of Allied World's breach, Cross-Claimant has been denied the benefits of insurance coverage for which he is entitled as an insured. He has suffered, and will continue to suffer, actual damages in the form of attorneys' fees and expenses incurred in connection with the claims asserted in the Demand Letters.

**Count II: Request for a Declaratory Judgment against Allied World**

27. The foregoing paragraphs are incorporated herein by reference.

28. Cross-Claimant respectfully requests that this Court declare the rights, status, and legal obligations of Cross-Claimant and Allied World in connection with the facts set forth herein,

the terms of the Policy, the pleadings and evidence in the Adversary Proceeding, the evidence established in this case, and the established law.

29. Cross-Claimant seeks a declaratory judgment that, under the terms of the Policy, Allied World is required to provide him with a defense to the claims alleged in the Adversary Proceeding.

**WHEREFORE**, Shannon L. Brown respectfully prays for a judgment against Allied World for the following:

A. That Allied World breached its contract with Cross-Claimant by wrongfully denying coverage under the Policy and refusing to provide a defense to Cross-Claimant against the claims asserted in the Demand Letters;

B. A declaration that Allied World has a duty to provide Cross-Claimant with a defense under the terms of Allied World's Policy in connection with the Adversary Proceeding;

C. That Cross-Claimant is entitled to recover all defense-related attorney's fees and costs from Allied World incurred in connection with the claims asserted in the Demand Letters and the Adversary Proceeding;

D. That Allied World pay Cross-Claimant the reasonable and necessary attorneys' fees and expenses he has incurred in pursuing coverage for the claims asserted in the Demand Letters and the Adversary Proceeding;

E. Costs of Court; and

F. Such other and further relief as this Court deems just and proper.

DATED: May 3, 2022

Respectfully submitted,

By: _/s/ J. James Cooper_
J. James Cooper
*Attorney-in-Charge*
Tex. I.D. No. 04780010
jcooper@reedsmith.com
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas 77002
Telephone: 713.469.3800
Facsimile: 713.469.3899

Jessica E. Gopiao (pro hac admission pending)
jgopiao@reedsmith.com
REED SMITH LLP
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Telephone: 786.747.0251
Facsimile: 786.747.0299

Michael D. Seale
Federal ID No. 18556
mseale@craincaton.com
CRAIN, CATON & JAMES PC
1401 McKinney Street, Suite 1700
Houston, Texas 77010
Telephone: 713-658-2323
Facsimile: 713-658-1921

*Attorneys for Cross-Claimant Shannon L. Brown*

**CERTIFICATE OF SERVICE**

I certify that service of a true and correct copy of the above and foregoing will be automatically accomplished through notice of electronic filing, in accordance with the Federal Rules of Civil Procedure, on May 3, 2022, to the following:

WALLER LANSDEN DORTCH & DAVIS, LLP
Blake D. Roth (Federal ID No. 2666808)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Ryan.Cochran@wallerlaw.com
Blake.Roth@wallerlaw.com
Tyler.Layne@wallerlaw.com
Courtney.Stone@wallerlaw.com
-and-
Evan J. Atkinson (Texas Bar No. 24091844)
100 Congress Avenue, Suite 1800
Austin, TX 78701
Telephone: (512) 685-6400
Facsimile: (512) 685-6417
Email: Evan.Atkinson@wallerlaw.com

*Counsel for the Debtor and Debtor in Possession*

ARENTFOX SCHIFF LLP
Andrew I. Silfen
George P. Angelich
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: andrew.silfen@afslaw.com
george.angelich@afslaw.com
-and-
Jackson D. Toof
1717 K Street NW
Washington, DC 20006
Telephone: (202) 857-6000
(202) 857-6395
Email: jackson.toof@afslaw.com
-and-
GRAY REED & MCGRAW LLP
William B. Chaney (Texas Bar No. 04108500)
Jason S. Brookner (Texas Bar No. 24033684)
1601 Elm Street
Suite 4600
Dallas, Texas 75201
Telephone: (469) 320-6031
Facsimile: (469) 320-6836
Email: wchaney@grayreed.com

*Counsel for the Official Committee of Unsecured Creditors*

By: _*/s/ J. James Cooper*______
J. James Cooper